JAMES R. HAWKINS APLC
JAMES R. HAWKINS, State Bar No. 192925
james@jameshawkinsaplc.com
WILLIAM S. CALDWELL, State Bar No. 200969
william@jameshawkinsaplc.com
GREGORY E. MAURO, State Bar No. 222239
greg@jameshawkinsaplc.com
9880 Research Drive, Suite 200
Irvine, California  92618
Telephone:  949-387-7200
Facsimile:   949-387-6676

Attorneys for Plaintiffs GUSTAVO RUIZ
and ANDRE FRAZIER

MALCOLM A. HEINICKE (State Bar No. 194174)
Malcolm.Heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant
UNISOURCE WORLDWIDE, INC.

(Additional counsel listed on next page)

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO RUIZ and ANDRE FRAZIER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNISOURCE WORLDWIDE, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendant.. | CASE NO.  CV 09-5848 SJO (JEMx)<br><br>**JUDGMENT**<br><br>DATE:  January 31, 2011<br>TIME:   10:00 a.m.<br>CTRM:  1<br><br>**The Honorable S. James Otero** |

12670823.1

[PROPOSED] JUDGMENT
(CASE NO: CV 09-5848 SJO (JEMx))

ROBERT C. STEVENS (Georgia Bar No. 680142)
*Pro Hac Vice*
BStevens@seyfarth.com
ASHLEY C. ADAMS (Georgia Bar No. 002510)
*Pro Hac Vice*
AAdams@seyfarth.com
SEYFARTH SHAW LLP
1545 Peachtree Street, N.E., Suite 700
Atlanta, Georgia 30309
Telephone: (404) 885-1500
Facsimile: (404) 724-1589

Attorneys for Defendant
UNISOURCE WORLDWIDE, INC.

12670823.1    [PROPOSED] JUDGMENT
(CASE NO: CV 09-5848 SJO (JEMx))

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement (the "Stipulation"). Due and adequate notice having been given to the Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Stipulation Re: Settlement of a Class Action ("Stipulation") filed in this case.

2.  The Court has jurisdiction over the subject matter of the Litigation, the Class Representatives, the other Members of the Settlement Class and Unisource.

3.  The Court finds that the distribution of the Notice to Class Members, as provided for in the Order Granting Preliminary Approval of Settlement and Setting a Settlement Hearing, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and California law. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the actual notice to the class was adequate. The Court further finds that the Settling Parties have further satisfied the requirements of notice to pertinent government agencies set forth in the federal Class Action Fairness Act, *i.e.,* 28 U.S.C. § 1715.

4.  The Court finds in favor of settlement approval.

5.  The Court approves the settlement of the above-captioned action

and related case, as set forth in the Stipulation, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties.  The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

6. Except as to any individual claim of those Persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Settlement Class, all of the Released Claims are dismissed with prejudice as to the Class Representatives and the other Members of the Settlement Class.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Stipulation, and the Court deems this definition sufficient for purposes of due process and Rule 23.

8. With respect to the Settlement Class and for purposes of approving this settlement, this Court finds and concludes that:  (a) the Members of the Settlement Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and there is a well-defined community of interest among Members of the Settlement Class with respect to the subject matter of the Litigation; (c) the claims of the Class Representatives are typical of the claims of the Members of the Settlement Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Settlement Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, *i.e.,* Class Counsel, are qualified to serve as counsel for the plaintiff in his individual and representative capacities and for the Settlement Class.

9. By this Judgment, the Class Representatives shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

forever released, relinquished and discharged all Released Claims (including Unknown Claims).  The Released Claims, as more fully defined in the Stipulation, include any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including without limitation statutory, constitutional, contractual or common law claims, whether known or unknown, whether or not concealed or hidden, against the Unisource Releasees, or any of them, that accrued at any time from July 10, 2005 through the Preliminary Approval Date for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorney fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims for the failure to pay any type of regular or overtime wages; (b) any and all claims for the failure to provide meal and/or rest periods and/or to pay additional sums of money in lieu thereof; (c) any and all claims for failure to comply with payroll or wage record-keeping or itemization requirements; (d) any and all claims for failure to timely pay wages due at termination or otherwise; and (e) to the extent not covered above, any claim pled in the Litigation.

    10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Unisource or any of the Unisource Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Unisource or any of the Unisource Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  In the event that the Effective Date does not occur, Unisource shall not be estopped or otherwise precluded from contesting class or collective action certification in the Litigation on any grounds.  Unisource or any of the Unisource Releasees may file

the Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The only Settlement Class Members entitled to payment pursuant to this Judgment are Participating Claimants. Neither the Stipulation nor this Judgment will result in the creation of any unpaid residue or residual.

12. Unisource has agreed to pay Class Counsel their reasonable attorneys' fees in this matter in the total amount of $108,333 as well as certain allowable costs in this matter up to the total amount of $10,000, and Unisource has agreed to pay an enhancement to each of the Class Representatives in the amount of $5,000. The Court finds that these agreements are fair and reasonable. Unisource is directed to make such payments in accordance with the terms of the Stipulation.

13. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Unisource for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment. This action is dismissed with prejudice.

14. This document shall constitute a judgment (and separate document constituting said judgment) for purposes of Federal Rule of Civil Procedure, Rule 58.

IT IS SO ORDERED.

DATED: __1/31/11_____   _____
                                  The Honorable S. James Otero

# EXHIBIT A

John Blood
Kevin Greenup
Dennis Meister
Ken Moudy II
Duane Sanders
John Vela
Jeffrey Robbins
James Gordon